IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PALERMO GELATO, LLC, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 13-cv-1573 |
| | ) |
| v. | ) Judge Mark R. Hornak |
| | ) |
| PINO GELATO, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant Pino Gelato, LLC's ("Pino")'s Motion to Dismiss Plaintiff Palermo Gelato, LLC's ("Palermo")'s Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Having carefully considered Plaintiff's Complaint, ECF No. 1; Defendant's Motion to Dismiss, ECF No. 11, and Brief in Support, ECF No. 12; Plaintiff's Response in Opposition, ECF No. 13, and Brief in Opposition, ECF No. 14; and Defendant's Reply Brief, ECF No. 15; the Court concludes that the case should be dismissed for failure to state a claim.

### I. BACKGROUND

The facts allegedly surrounding this case were explained in detail by the Court in *Palermo Gelato, LLC v. Pino Gelato, Inc.*, 2: 12-CV-931, 2013 WL 285547 (W.D. Pa. Jan. 24, 2013) (*"Palermo I"*), as well as in *Palermo Gelato, LLC v. Pino Gelato, Inc.*, 2:12-CV-931, 2013 WL 3147312 (W.D. Pa. Jun. 19, 2013) (*"Palermo II"*), and the Court need not reiterate them here at great length. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true the factual allegations in the Complaint and draw all reasonable inferences in the Plaintiff's favor. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purposes of this Opinion, the essential facts are as follows.

1

Palermo, in seeking to open high-end gelato stores in the Pittsburgh area, agreed to purchase the product of Pino, who prior to entering into a license agreement with Palermo, allegedly made various representations suggesting that Pino was the "exclusive" owner of a "unique recipe" of gelato developed in Sicily. *Id.* at ¶¶ 11, 12, 13. In 2008, the parties entered into a Store License Development and Supply Agreement ("Agreement") for the licensing and supply of Pino's gelato product at Palermo's places of business located in Allegheny County and Butler County, Pennsylvania. *Id.* at ¶ 17. Under the Agreement, Palermo agreed to purchase Pino's gelato product at a certain price and sell it with the Pino trademark, and Palermo became the exclusive Pino licensee in the Western Pennsylvania area. *Id.* at Ex. D.

Based on Palermo's belief that Pino was complying with the terms of the Agreement and the express warranties contained in it, Palermo accepted and paid for multiple shipments of Pino's gelato product. *Id.* at ¶ 24. Around September 2011, Palermo discovered that the gelato it was purchasing from Pino was not small-batch crafted gelato, but gelato manufactured in bulk by G.S. Gelato ("G.S."). *Id.* at ¶¶ 26, 27. Palermo alleges that the gelato recipe it contracted to purchase from Pino was not owned by or "unique" to Pino, and that as such, the price Palermo was paying for Pino gelato was unfairly "marked up." *Id.* at ¶¶ 33-35. Palermo also alleges that the Agreement in reality established a franchise relationship with Pino, rather than a license relationship, and that the 30% mark-up fees were essentially disguised royalties. *Id.* at ¶¶ 37-38.

This litigation began when Palermo filed a Complaint in this Court against Pino, which the Court dismissed without prejudice for lack of subject matter jurisdiction. *See* Dkt. 2:12-cv-931, ECF No. 1. Palermo then filed an Amended Complaint, asserting two counts against Pino under Pennsylvania law: Count I for Fraud in the Inducement, and Count II for Unjust Enrichment. *See id.* at ECF No. 14. Pino moved to dismiss Counts I and II of the Amended

2

Complaint on the grounds that the parol evidence rule barred any evidence of Palermo's alleged fraud in the inducement claim, and that in the absence of any basis to invalidate the Agreement, Plaintiff's claim for unjust enrichment was barred by the existence of that Agreement. *Id.* at ECF No. 16.[1] This Court granted Pino's Motion, and dismissed that lawsuit with prejudice on June 19, 2013. *Id.* at ECF No. 25. No appeal was taken from that decision. On October 29, 2013, Palermo initiated this suit by filing another Complaint against Pino, at Civil Action No. 2:13-cv-1573, asserting claims of breach of contract and breach of warranty, based, as Palermo concededly (and correctly) states, "upon the same transaction and occurrence as the first and second amended complaints." Pl.'s Compl. ¶ 47.

## II. DISCUSSION

### a. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler* v. *UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft* v. *Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

---

[1] Palermo then filed a Second Amended Complaint, Dkt. 2:12-cv-931, ECF No. 23, to which Pino responded by filing a Notice of Renewal of 12(b)(6) Motion to Dismiss Amended Complaint As Now Directed to Second Amended Complaint, *id.* at ECF No. 24.

### b. Defendant's Motion to Dismiss Plaintiff's Complaint

In its latest Complaint in this second Civil Action, Plaintiff Palermo brings two never-before-alleged claims against Defendant Pino: Count I – Breach of Contract, and Count II – Breach of Warranty. Pino avers that the now-final judgment in *Palermo II*, coupled with the doctrine of res judicata, bars this second lawsuit. *See* Def.'s Br. in Supp. of Mot to Dismiss at 3. Pino further avers that the doctrine of collateral estoppel bars Palermo from arguing that the parties' Agreement was "formed and executed on fraud and misrepresentation," such that the Agreement's exculpatory provision ultimately applies to conclusively defeat Palermo's latest claims. *Id.* at 3. Palermo responds that (1) res judicata does not bar this second lawsuit against Pino for breach of contract and breach of warranty because this Court lacked jurisdiction over those omitted claims in the parties' previous suit; and (2) collateral estoppel does not bar Plaintiff's latest Complaint because the breach of contract and breach of warranty claims were not previously litigated. *See* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss at 5, 8.

The doctrine of res judicata, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events. *Churchill v. Star Enters.*, 183 F.3d 184, 194 (3d Cir. 1999). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Id.* (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998) (emphasis added); *see Duhaney c. Attn'y Gen. of the U.S.*, 621 F.3d 340, 347 (3d Cir. 2010) ("The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought."). The application of res judicata requires a defendant to demonstrate three elements: (1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960,

4

963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Here, this Court entered a final judgment on the merits when (as Palermo does not dispute) the Court entered its Memorandum Opinion and now-final dismissal Order at Civil Action No. 2:12-cv-931, ECF Nos. 25, 26. The Court held that (1) Pennsylvania's parol evidence rule barred consideration of the alleged gelato-centric misrepresentations that supposedly fraudulently induced Palermo to enter into the Agreement, and without those misrepresentations, Palermo could not state a claim for fraud in the inducement; and (2) without a claim of fraud in the inducement, there was no basis for Palermo's claim of unjust enrichment in Count II, given the presence of a valid contract. *Palermo II*, 2013 WL 3147312, at *3. With this Court's Opinion in *Palermo II* granting Pino's Motion to Dismiss Palermo's Second Amended Complaint, the first and second elements of res judicata are satisfied: a final judgment on the merits dismissing Palermo's prior suit against Pino.

The parties vigorously dispute the third required element for res judicata, namely that the subsequent suit be based on the same cause of action. Defendant Pino contends that Plaintiff Palermo's suit is based on a claim that could have been brought in the previous suit because the underlying events giving rise to the legal claims in both suits are identical. *See* Def.'s Br. in Supp. of Mot. to Dismiss Pl.'s Compl. at 4 (quoting Palermo's concession that "the counts alleged in the instant complaint are based upon the same transaction and occurrence as the first and second amended complaints").

5

On the other hand, Plaintiff "adamantly refutes" Defendant's argument. *See* Pl.'s Br. in Opp'n to Def.'s Mot to Dismiss at 6. Palermo cites *McArdle v. Tronetti*, 627 A.2d 1219, 1223 (Pa. Super. Ct. 1993), for the proposition that res judicata does not preclude a second cause of action where the court presiding over the first action lacked jurisdiction to hear the omitted theory brought forth in the second action. Palermo contends that it "purposefully omitted claims for Breach of Contract and Breach of Warranty from the first action, reasoning that the ADR clause[2] found within would require removal of the claim[s] from Federal Court." *See* Pl.'s Br. in Opp'n to Def.'s Mot to Dismiss at 7. More specifically, "[g]iven this jurisdictional obstacle, Plaintiff could not maintain any breach of contract claim in Federal Court simultaneously with the Fraud in the Inducement claim, as the former would be governed by the terms of the contract [and therefore, by the ADR clause.] . . . Contrarily, Plaintiff's Fraud in the Inducement claim could remain in Federal Court because the effect of such a claim would be to void the contract entirely." *Id.*

First, the language of the parties' mediation clause states that the clause is triggered "if *any* dispute arises" between the parties about the Agreement. ECF No. 1-5 at ¶ 14(o) (emphasis added). The clause does not set forth, as Palermo implies, that it is triggered only if a dispute arises specific to any term of the Agreement. Thus, if the mediation clause applied to the omitted breach of contract and breach of warranty claims, the clause (and any purported "jurisdictional obstacle" presented by mediation) likewise applied to the fraud in the inducement and unjust enrichment claims actually asserted in *Palermo II*. Simply put, Palermo's argument is facially at odds with its own actions, since if Palermo truly, yet mistakenly, believed that it could not sue then on the contract-based claims it sues on now without going through mediation, Palermo was in no better shape as to those claims asserted in its prior case, since it had never

---

[2] This clause provided for pre-litigation non-binding mediation of claims. ECF No. 1-5 at ¶ 14(o).

6

gone through any such mediation, at least as is shown on the record. "Any dispute" means "any dispute," and if the mediation clause did not bar the claims actually asserted in *Palermo II*, it would not have barred these now-asserted contract-based claims.

Second, Palermo fails to serve up enough case law to overcome the reality that Palermo has "reasoned" its way into the very piecemeal approach to litigation that the doctrine of res judicata is designed to prevent. *See Churchill*, 183 F.3d at 194. This Court in *Palermo II* explained that "Pennsylvania federal and state courts have held that a party may waive its right to have its dispute settled by nonjudicial means by availing itself of the judicial process to resolve the dispute, and that a party that engages in discovery and files pretrial motions waives a contract's alternative dispute resolution provision." *Palermo II*, 2013 WL 3147312, at *3 (citing *LBL Skysystems (USA), Inc. v. APG-America, Inc.*, 2005 WL 2140240, at *30 (E.D.Pa. Aug. 31, 2005) (collecting cases) (internal quotations omitted). This Court concluded in *Palermo II* - before reaching the merits of Pino's Motion to Dismiss - that "Plaintiff Palermo has availed itself of the judicial process by filing two complaints in this Court seeking significant amounts of money as to damages from Pino for its allegedly fraudulent activities," and "[s]imilarly, Defendant Pino has availed itself of the judicial process by filing two dispositive motions for failure to state a claim . . . and not mentioning a desire to mediate in either of them," such that "both parties have waived their potential rights to seek mediation under the Dispute Resolution Clause as a precondition to commencing this action." *Palermo II*, 2013 WL 3147312, at *3.

Palermo's now-asserted "purposeful omission" of its breach of contract and breach of warranty claims from its Complaints in *Palermo II* because the ADR clause would require removal of those claims was simply a means without an end because (1) as discussed above, the clause encompassed "any dispute" between the parties in *Palermo II*, and (2) the parties, as this

7

Court determined in *Palermo II* pursuant to well-settled state and federal case law, had waived their rights to require mediation under the ADR clause.

Finally, had Palermo asserted its contract-based claims in *Palermo II*, that mediation would have, at best, been a condition precedent to filing suit that Pino would have been duty-bound to raise in opposition to those claims. *See* Fed. R. Civ. P. 9(c). The long and short of the matter is that nothing about that ADR provision either stripped this Court of jurisdiction to entertain *Palermo II* or barred the assertion of these contract-based claims in *Palermo II* anymore, or any differently, than it barred the claims actually asserted in *Palermo II*. Thus, Palermo's *McArdle* argument is wholly unavailing. These contract-based claims could have been and should have been brought in *Palermo II*, and therefore are barred now. With all three elements of res judicata satisfied, Palermo is barred from asserting its claims against Pino in this lawsuit for breach of contract and breach of warranty, claims that are concededly based on the same transactions and occurrences as were the claims in *Palermo II*.

Further still, the doctrine of collateral estoppel bars Plaintiff Palermo from arguing, as it does, *see* Pl.'s Compl. ¶¶ 69, 93, that the parties' Agreement was "formed and executed on fraud and misrepresentation." The doctrine of collateral estoppel, or issue preclusion, "derives from the simple principle that later courts should honor the first actual decision of a matter that has been actually litigated." *Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 938 F. Supp. 2d 555, 566 (W.D. Pa. 2013) (quoting *Burlington N.R. Co. v. Hyundai Merch. Marine Co., Ltd.*, 63 F.3d 1227, 1231 (3d Cir. 1995)). The following four elements are required for the doctrine to apply: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action."

*Id.* (citing *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 247–48 (3d Cir.2010)).

Turning to the first two elements, under Count I (Breach of Contract) and Count II (Breach of Warranty) of its Complaint, Palermo avers that "[w]hile Section 12 of the Agreement contains an exculpatory provision fully limiting the liability of both the Defendant and Plaintiff for any legal cause of action under any legal theory, Section 12 is unenforceable because the Agreement was *formed and executed on the basis of fraud and misrepresentation* and, under Pennsylvania law, exculpatory provisions based upon fraud and misrepresentation are unenforceable." *See* Pl.'s Compl. ¶¶ 69, 93 (emphasis added). However, in *Palermo II*, this Court determined that

> The Entire Agreement clause plainly states that 'any prior understandings' are superseded by the Agreement, and discusses topics that relate to the gelato recipe. If Palermo in fact relied on certain beliefs about the origins of the gelato it was purchasing, it could and should have ensured that those beliefs were embodied in the written Agreement between the parties. Without the evidence of the prior misrepresentations that induced it to contract, Palermo cannot state a viable claim for Fraud in the Inducement at Count I of the Second Amended Complaint.

*Palermo II*, 2013 WL 3147312, at *6-7. This Court's final adjudication in *Palermo II* decided as between these parties the issue of whether Palermo could claim that it was fraudulently induced into contracting with Pino based on Pino's alleged gelato-related misrepresentations to Palermo. This collaterally estops Palermo from arguing once again that the Agreement was "formed and executed" on the basis of fraud.

As for the third required element of collateral estoppel, this Court's adjudication in *Palermo II* as to whether Palermo could assert that the Agreement was formed and executed on the basis of fraud and misrepresentation was certainly necessary to the Court's *Palermo II* decision: the heart of the Court's decision was that the parol evidence rule barred the

introduction of parol evidence about such alleged fraud in the formation and execution of the Agreement. Moreover, as this Court wrote, "absent Plaintiff's claim of fraud in the inducement, Plaintiff has not made any demonstration that the Agreement is invalid, and because a claim for unjust enrichment cannot stand where a valid contract exists, . . . Plaintiff's claim for Unjust Enrichment at Count II must also be dismissed. Therefore, Defendant's Motion to Dismiss is granted, and the case shall be dismissed." *Id.* at *7.

Finally, the fourth requirement for collateral estoppel is easily satisfied here because the parties to the prior and current actions are identical. Palermo is suing Pino on allegations stemming from the very same transaction and occurrence as Palermo's suit against Pino in *Palermo II*, and Palermo as a party to *Palermo II* was certainly fully represented by the same counsel in the prior action. Simply put, Palermo cannot relitigate the issue of whether the Agreement was formed and executed on fraud and misrepresentation. Because Plaintiff cannot relitigate this issue, Plaintiff cannot show that Section 12 of the Agreement is invalid on that premise, rendering that exculpatory provision enforceable.

Section 12, "Limitation of Liability," provides that,

EXCEPT FOR BREACH OF CONFIDENTIALITY OBLIGATIONS UNDER SECTION 8 AND EXCEPT AS OTHERWISE PROVIDED IN SECTION 9 WITH RESPECT TO THIRD PARTY CLAIMS, IN NO EVENT SHALL EITHER PARTY BE LIABLE TO THE OTHER FOR LOST PROFITS OR SAVINGS OR FOR ANY INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES IN CONNECTION WITH THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT, HOWEVER CAUSED UNDER ANY THEORY OF LIABILITY.

ECF No. 1-5 at ¶ 12. Indeed, Palermo acknowledges under both counts of its latest Complaint that this exculpatory provision fully limits the liability of Pino "for any legal cause of action under any legal theory." *See* Pl.'s Compl. ¶¶ 69, 93. Because Palermo's breach of contract and

breach of warranty claims do not involve any asserted "Section 8" breach of confidentiality or "Section 9" third party claims, the exculpatory provision of Section 12 applies to Palermo's current suit, as Palermo acknowledges it does in the absence of an argument that the Agreement was "formed and executed on the basis of fraud and misrepresentation." *See id.*

With this exculpatory provision now in force, Palermo's claims of breach of contract and breach of warranty fail, such that Palermo's Complaint must also be dismissed under the doctrine of collateral estoppel.

### III. CONCLUSION

For the foregoing reasons, Defendant Pino's Motion to Dismiss is granted in its entirety, and Plaintiff Palermo's Complaint is dismissed with prejudice. An appropriate Order will follow.

Mark R. Hornak
United States District Judge

Dated: December 30, 2013

cc: All counsel of record